1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

GRANT EUGENE BISEL, JR.,

12

Petitioner,

13

vs.

14
15
16

UNITED STATES OF AMERICA,

17

Respondent.

18

CASE NO. 15-CV-1354 H
           10-CR-5016-17 H

**ORDER:**

**(1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**[Doc. No. 1559 in 10-cr-5016.]**

**(2) DENYING CERTIFICATE OF APPEALABILITY**

19
20
21
22
23
24
25
26
27
28

     On June 17, 2015, Petitioner/Defendant Grant Eugene Bisel, Jr., proceeding *pro se*, filed in the United States District Court for the Southern District of California a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  (Doc. No. 1559.)  On July 25, 2015, the Government filed a response in opposition to Defendant's motion. (Doc. No. 1567.)  On October 5, 2015, Defendant filed a reply in support of his motion.  (Doc. No. 1577.)  For the reasons discussed below, the Court denies Defendant's § 2255 motion.

*///*

## Background

On October 6, 2011, the Government filed a second superceding indictment charging Defendant with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Doc. No. 46.)  On May 24, 2012, Defendant pled guilty pursuant to a written plea agreement to the single count of conspiracy to distribute methamphetamine.  (Doc. Nos. 542, 553, 666.)

In the plea agreement, the parties agreed to certain sentencing recommendations, including that Defendant is a career offender under U.S.S.G. § 4B1.1(a).  (Doc. No. 553 at 9-10.)  The plea agreement provides:

> [T]he parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:
>
> 1.  Base Offense Level [§ 2D1.1(a), (c)]            34*
>
> 2.  Mitigating Role [§ 3B1.2]                       0
>
> 3.  Acceptance of Responsibility [§ 3E1.1]          -3
>
> *Defendant is a Career Offender under USSG § 4B1.1(a).  Thus, the Career Offender base level is 34, which is reduced 3 levels for acceptance of responsibility.  See USSG § 4B1.1(b).  If the Career Offender offense level "is greater than the offense level otherwise applicable," then the Career Offender offense level shall apply.  See USSG § 4B1.1(b).  Also, as a Career Offender, Defendant is ineligible for a mitigating role adjustment.
>
> **The parties' advisory guideline recommendations will be made in accordance with USSG § 5G1.1.  Thus, the parties' advisory guideline recommendations may be adjusted upward to reflect a mandatory minimum sentence.

(Id. (emphasis removed).)  The plea agreement further provides: "The parties agree that the Government will recommend that: (1) Defendant should be sentenced in case number 10CR5016-H to the low end of the advisory guideline range as calculated by the Government pursuant to this agreement . . . ."  (Id. at 11-12 (emphasis removed).)

Thereafter, probation prepared a Presentence Report.  (Doc. No. 771.)  The PSR calculated Defendant's total offense level as 31 – including an adjustment for career offender – and calculated Defendant's criminal history category as VI, resulting in a guideline range of 188 to 235 months.  (Id. at 14-16, 18)  The PSR recommended a

sentence of 188 months in prison.  (Id. at 18.)  The Government then filed a sentencing summary chart and sentencing memorandum that, consistent with the plea agreement and the PSR, calculated Defendant's guideline range as 188 to 235 months and recommended a sentence of 188 months in prison, the low end of that guideline range. (Doc. Nos. 777, 1127.)   Defendant later filed a sentencing summary chart and sentencing memorandum agreeing that Defendant's total offense level was 34 and his criminal history category was VI, resulting in a guideline range of 188 to 235 months. (Doc. Nos. 1370, 1372.)  In the sentencing filings, Defendant requested that the Court apply an 8-level variance that would lower Defendant's guideline range to 92 to 115 months, and requested a sentence of 96 months.  (Id.)

On April 14, 2014, the Court held a sentencing hearing. (Doc. No. 1385.) At the hearing, defense counsel presented arguments on Defendant's behalf and requested a sentence of eight years (96 months).  (Doc. No. 1565 at 5-12.)  Thereafter, the Court inquired from the Government whether it, as had been done in other cases, was doing a two-level variance in exchange for Defendant's agreement not to seek a later reduction under the forthcoming Amendment 782.[1]  (Id.)  In response, the Government stated it had discussed this issue with defense counsel prior to the hearing.  (Id. at 12.) The Government explained that it was not going to offer a two-level variance in this case because, due to the fact that Defendant was a career offender, Amendment 782 would have no effect on his guideline calculation.  (Id. at 12-13.)   However, the Government later stated that it would offer the two-level variance "if the Defendant is willing to waive a future challenge for a change on the drug guidelines here on the record."  (Id. at 14.)  At the conclusion of the hearing, the Court calculated Defendant's total offense level as 31, including the career offender adjustment, and calculated his criminal history category as VI, resulting in a guideline range of 188 to 235 months.

---

[1] "On November 1, 2014, the [United States Sentencing] Commission issued Amendment 782 to its Sentencing Guidelines, which lowered the recommended sentences for certain drug crimes." United States v. Navarro, No. 15-10245, __ F.3d __, 2015 WL 5166942, at *1 (9th Cir. Sept. 4, 2015).

1  (Id. at 34.)   The Court then gave Defendant a two-level variance in light of the
2  forthcoming Amendment 782 and noted that the resulting guideline range with the
3  variance applied was 151 to 188 months.  (Id.) After consideration of the parties'
4  arguments and all the relevant factors under 18 U.S.C. § 3553(a), the Court sentenced
5  Petitioner to 180 months in prison.  (Id. at 35.)

6      By the present motion, Petitioner moves pursuant to 28 U.S.C. § 2255 to set
7  aside, or correct his federal prison sentence, arguing that he received ineffective
8  assistance of counsel at sentencing.  (Doc. No. 1559.)

9                                    **Discussion**

10  **I.    Legal Standards**

11      A.      § 2255 Motion

12      A sentencing court may "vacate, set aside or correct the sentence" of a federal
13  prisoner if it concludes that "the sentence was imposed in violation of the Constitution
14  or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255
15  must be based on a constitutional or jurisdictional error, "'a fundamental defect which
16  inherently results in a complete miscarriage of justice'", or a proceeding"'inconsistent
17  with the rudimentary demands of fair procedure.'"  United States v. Timmreck, 441
18  U.S. 780, 783-84 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  A
19  district court may deny a § 2255 motion without holding an evidentiary hearing if "the
20  petitioner fails to allege facts which, if true, would entitle him to relief, or the petition,
21  files and record of the case conclusively show that he is entitled to no relief."  United
22  States v. Rodriguez-Vega, 797 F.3d 781, 792 (9th Cir. 2015); see 28 U.S.C. § 2255(b);
23  United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's [§ 2255]
24  motion presents no more than conclusory allegations, unsupported by facts and refuted
25  by the record, an evidentiary hearing is not required.").

26      Generally, a petitioner who has procedurally defaulted by not raising a claim on
27  direct review is barred from raising it on collateral review unless he can show cause and
28  prejudice, or actual innocence.  See Bousley v. United States, 523 U.S. 614, 622 (1998);

1   United States v. Frady, 456 U.S. 152, 167-68 (1982); see also Stewart v. United States,

2   914 F.2d 1496 (9th Cir. 1990) ("'Section 2255 may not be invoked to relitigate

3   questions which were or should have been raised on a direct appeal from the judgment

4   of conviction.'").  However, the Supreme Court has noted an exception to this rule,

5   excluding all ineffective assistance of counsel claims from the cause and prejudice

6   requirement.  See Massaro v. United States, 538 U.S. 500, 504 (2003); United States

7   v. Braswell, 501 F.3d 1147, 1150 n.1 (9th Cir. 2007).   "[A]n ineffective-

8   assistance-of-counsel claim may be brought in a collateral proceeding under § 2255,

9   whether or not the petitioner could have raised the claim on direct appeal." Massaro,

10   538 U.S. at 504.

11       B.    Ineffective Assistance of Counsel

12       The Sixth Amendment entitles criminal defendants to the effective assistance of

13   counsel at all critical stages of a criminal proceeding, including at sentencing.  Lafler

14   v. Cooper, 132 S. Ct. 1376, 1385-86 (2012).  In order to prove a Sixth Amendment

15   ineffective assistance of counsel claim, the petitioner must establish (1) that counsel's

16   performance was deficient, and (2) that he was prejudiced by counsel's deficient

17   performance.  Strickland v. Washington, 466 U.S. 668, 688, 692 (1984); Knowles v.

18   Mirzayance, 556 U.S. 111, 122 (2009)

19       In order to satisfy the first prong of the test, the petitioner must show his

20   counsel's performance "fell below an objective standard of reasonableness."

21   Strickland, 466 U.S. at 688.  "The proper measure of attorney performance remains

22   simply reasonableness under prevailing professional norms."  Id.  "Judicial scrutiny of

23   counsel's performance must be highly deferential," and "a court must indulge a strong

24   presumption that counsel's conduct falls within the wide range of reasonable

25   professional assistance."  Id. at 689; see also Padilla v. Kentucky, 559 U.S. 356, 371

26   (2010) ("Surmounting Strickland's high bar is never an easy task.").

27       In order to satisfy the prejudice prong of the test, the petitioner "must show that

28   there is a reasonable probability that, but for counsel's unprofessional errors, the result

1   of the proceeding would have been different.  A reasonable probability is a probability

2   sufficient to undermine confidence in the outcome."  <u>Strickland</u>, 466 U.S. at 694.

3   **II.    Analysis**

4            In his § 2255 motion, Defendant argues that his trial counsel was ineffective for

5   failing to argue at sentencing that Defendant should receive a 151-month sentence in

6   light of the parties' plea agreement.  (Doc. No. 1559 at 7.)  Specifically, Defendant

7   argues that under the terms of the plea agreement, the parties agreed that Defendant

8   would be sentenced at the low end of the applicable guideline range to an 188-month

9   sentence.  (Doc. No. 1559 at 2.)  Defendant further contends that once he received the

10  two-level variance and his guideline range was modified down to 151 to 188 months,

11  defense counsel should have argued that Defendant should receive a 151-month

12  sentence based on the parties' agreement that Defendant be sentenced at the low end of

13  the guideline range.  (<u>Id.</u> at 6-8, 10, 12-13.)

14           Defendant's contentions are not supported by the record.  There was no

15  agreement by the parties that Defendant be sentenced at the low end of the guideline

16  range as calculated by the Court.  A review of the plea agreement shows only that the

17  Government agreed to recommend that Defendant be sentenced at "the low end of the

18  advisory guideline range as calculated by the Government pursuant to this agreement",

19  which was a guideline range of 188 to 235 months.  (<u>See</u> Doc. No. 553 at 11-12.)  The

20  plea agreement contains no agreement by Defendant or the Government that Defendant

21  be sentenced at the low end of the guideline range as calculated by the Court.  (<u>See</u>

22  <u>generally</u> Doc. No. 553.)  Therefore, when Defendant's guideline range was adjusted

23  by the Court as a result of the Court giving Defendant a two-level variance, neither

24  party was required to recommend that Defendant receive a sentence at the low end of

25  that new guideline range.  Defense counsel was free to recommend any lawful sentence

26  and free to argue, as he did, that Defendant receive a 96-month sentence, which the

27  Court notes is substantially lower than the 151-month sentence Defendant contends

28  defense counsel should have advocated for.  Defense counsel was not deficient for

1  making the reasonable strategic choice of recommending that Defendant receive a 96-

2  month sentence rather than recommending a 151-month sentence.

3      Defendant also argues that his counsel was deficient for failing to argue that

4  Defendant should have been sentenced under Amendment 782. (Doc. No. 1559 at 7,

5  9.)   The Court disagrees. Any argument by defense counsel at sentencing that

6  Defendant must be sentenced under Amendment 782 would have been meritless.

7  Amendment 782 was not in effect at the time of Defendant's sentencing – April 14,

8  2014.  Amendment 782 did not become effective until November 1, 2014, which was

9  several months later.  See Navarro, 2015 WL 5166942, at *1.  Moreover, even if

10  Amendment 782 had been in effect at the time of Defendant's sentencing, Defendant

11  would still not have been entitled to be sentenced under that amendment because

12  "Amendment 782 did not lower the sentencing range for career offenders."  United

13  States v. Avila, No. CR 11-00663 JMS, 2015 WL 1622047, at *1 (D. Haw. Apr. 10,

14  2015); see United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive

15  amendments regarding sentences under the drug guidelines do not affect individuals

16  who were sentenced as career offenders.").  In the plea agreement, Defendant admitted

17  that he qualified as a career offender under U.S.S.G. § 4B1.1(a). (Doc. No. 553 at 9-10;

18  see also Doc. No. 1577 at 2 ("Bisel does not quarrel with the fact he qualified as a

19  career criminal.").).   Counsel is not ineffective for failing to make a meritless

20  argument.[2]  See Sexton v. Cozner, 679 F.3d 1150, 1157 (9th Cir. 2012).  Accordingly,

21  because Defendant has failed to show that his trial counsel's performance was deficient,

22

---

23      [2] Defendant appears to argue that although he qualified as a career offender, he was not

24  sentenced as a career offender under U.S.S.G. § 4B1.1(a) because the Court granted him a two-
level variance. (Doc. No. 1577 at 6.)  The Ninth Circuit has rejected this argument.  In United

25  States v. Pleasant, 704 F.3d 808 (9th Cir. 2013), the Ninth Circuit explained that under
U.S.S.G. § 1B1.10, a sentencing reduction is proper only "if 'the guideline range *applicable*

26  to that defendant has subsequently been lowered as a result of an amendment to the Guidelines
. . . .'"  Id. at 811 (quoting U.S.S.G. § 1B1.10(a)(1)) (emphasis in original). The Ninth Circuit

27  further explained that a defendant's applicable guideline range is derived pre-departure and
pre-variance.  Id. at 812 (citing U.S.S.G. § 1B1.10 cmt. n.1(A)).  Therefore, the applicable

28  guideline range for a defendant who qualifies as a career offender remains the career offender
range regardless of whether the defendant later receives a departure or a variance.  See id.

1    Defendant's ineffective assistance of counsel claim fails.

2         In addition, Defendant's ineffective assistance of counsel claim fails because he
3    was not prejudiced by his counsel's alleged deficiencies.  Even if defense counsel had
4    argued for a 151-month sentence, as Defendant contends he should have, there is not
5    a reasonable probability that the outcome of the proceedings would have been different.
6    In the plea agreement, Defendant acknowledged that his plea was being made pursuant
7    to Federal Rule of Criminal Procedure 11(c)(1)(B), and stated that he understood that
8    the Court was not bound by any of the parties' sentencing recommendations and his
9    sentence was "within the sole discretion of the sentencing judge."  (Doc. No. at 8-9.)
10   See also Fed. R. Crim. P. 11(c)(1)(B); United States v. Graibe, 946 F.2d 1428, 1432
11   (9th Cir. 1991) (explaining that sentencing recommendations contained in plea
12   agreements made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) are not
13   binding on the sentencing court).  In his sentencing brief and at the sentencing hearing,
14   defense counsel presented several mitigating factors and argued for a larger variance
15   – an eight-level variance – and an even lower sentence – 96 months in prison as
16   opposed to 151 months in prison. (Doc. Nos. 1370, 1372, 1565 at 5-12.)  At sentencing,
17   the Court gave Defendant the two-level variance in light of the forthcoming
18   Amendment 782 and specifically noted that the resulting guideline range was 151 to
19   188 months. (Doc. No. 1565 at 34.)  The Court considered defense counsel's arguments
20   along with the totality of the circumstances and the § 3553 factors and concluded that
21   a sentence of 180 months was appropriate.  (Id. at 34-35.)  Under these circumstances,
22   Defendant cannot show that the outcome of his sentencing would have been different
23   had counsel argued for a 151-month sentence rather than a 96-month sentence.

24        Further, the Court notes that Defendant obtained a favorable result in light of the
25   facts of this case.  Defendant received a two-level variance in light of the forthcoming
26   Amendment 782 even though "Amendment 782 did not lower the sentencing range for
27   career offenders."  Avila, 2015 WL 1622047, at *1.  This favorable result belies
28   Defendant's claim that his counsel was ineffective, as it is unlikely that Defendant could

have obtained "a more favorable result" had his counsel acted differently. <u>See</u> <u>Featherstone v. Estelle</u>, 948 F.2d 1497, 1506-07 (9th Cir. 1991).

## III.   Certificate of Appealability

An appeal cannot be taken from the district court's denial of a § 2255 motion unless a certificate of appealability is issued. <u>See</u> 28 U.S.C. § 2253(c)(1); <u>Muth v. Fondren</u>, 676 F.3d 815, 818 (9th Cir. 2012). A certificate of appealability may issue only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied the constitutional claims in a § 2255 motion on the merits, a defendant satisfies the above requirement by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Defendant's claims debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

### Conclusion

For the reasons above, the Court DENIES Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. In addition, the Court denies Defendant a certificate of appealability.

**IT IS SO ORDERED**.

DATED: October 22, 2015

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT